PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>2006 KUBOTA L3400 TRACTOR, VIN: 25736;<br><br>2008 HONDA TRX700XX ATV, VIN: JH2TE36048K003093, CALIFORNIA LICENSE NUMBER: 77H59K;<br><br>2002 HONDA XR650R MOTORCYCLE, VIN: JH2RE01152K300986, CALIFORNIA LICENSE NUMBER: 16B7927;<br><br>2005 MALIBU WAKESETTER MOTORBOAT, VIN: MB251799B505, CALIFORNIA CF NUMBER: 5906RD; and<br><br>2005 EXTREME CARRIER BOAT TRAILER, VIN: 5DBBB25275R000321, CALIFORNIA LICENSE NUMBER: 4KP9757,<br><br>　　　　　　Defendants. | 2:17-MC-00095-MCE-CKD<br><br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.　　On October 12, 2011, agents with the Drug Enforcement Administration ("DEA") executed a federal search warrant seized at 25818 Burda Lane, Nevada City, California and seized the following assets:

1

Consent Judgment of Forfeiture

a. 2006 Kubota L3400 Tractor, VIN: 25736;
b. 2008 Honda TRX700XX ATV, VIN: JH2TE36048K003093, California License Number: 77H59K;
c. 2002 Honda XR650R Motorcycle, VIN: JH2RE01152K300986, California License Number: 16B7927;
d. 2005 Malibu Wakesetter Motorboat, VIN: MB251799B505, California CF Number: 5906RD; and
e. 2005 Extreme Carrier Boat Trailer, VIN: 5DBBB25275R000321, California License Number: 4KP9757.

2. DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about December 28, 2011, DEA received a claim from Ethan Lee Stuart ("Stuart") asserting an ownership interest in the assets listed above.

3. The United States represents that it could show at a forfeiture trial that on October 12, 2011, law enforcement officers executed a federal search warrant at 25818 Burda Lane, Nevada City, California and found indoor and outdoor marijuana cultivation sites. The indoor marijuana cultivation site was located inside a greenhouse on the east side of the property and contained eighteen marijuana plants ranging from ten to fourteen feet tall. Additionally, agents found manicured marijuana in the kitchen and refrigerator in the main residence occupied by Stuart; and numerous boxes of rifle and pistol ammunition matching the rifle discovered during the search of the adjacent 25863 Burda Lane, Nevada City, California - executed simultaneously on October 12, 2011. Agents discovered additional marijuana stalks in different stages of preparation - i.e., drying on screens and trimming/manicuring - in the residence's detached garage. Agents found a total of 3,380 pounds of marijuana (total marijuana plant weight, not just flower and buds) at Stuart's property, at 25818 Burda Lane in Nevada City, California.[1]

4. The United States represents that it could further show at a forfeiture trial that Stuart was in the residence during the search and told agents that he purchased the property in the early 2000's with his common law wife, Jamie Crantelle Merenda ("Merenda"). According to Stuart, he had occasionally worked construction and grew marijuana. Stuart acknowledged that he was growing marijuana and that marijuana proceeds paid for all of his "toys."

---

[1] The address listed in the original stipulation listed the owner as "Farrell" and the address as 5818 Burda Lane. The correct owner and address are listed above.

5. The United States could further show at a forfeiture trial that the defendant assets listed above are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained above, Stuart specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, potential claimant Stuart agrees that an adequate factual basis exists to support forfeiture of the defendant assets. Stuart hereby acknowledges that he is the sole owner of the defendant assets, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant assets, Stuart shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant assets were seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. All right, title and interest of Ethan Lee Stuart in the following assets shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

   i. 2006 Kubota L3400 Tractor, VIN: 25736;
   ii. 2008 Honda TRX700XX ATV, VIN: JH2TE36048K003093, California License Number: 77H59K;
   iii. 2002 Honda XR650R Motorcycle, VIN: JH2RE01152K300986, California License Number: 16B7927;
   iv. 2005 Malibu Wakesetter Motorboat, VIN: MB251799B505, California CF Number: 5906RD; and
   v. 2005 Extreme Carrier Boat Trailer, VIN: 5DBBB25275R000321, California License Number: 4KP9757.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out

of or in any way connected with the seizure or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant Stuart waives the provisions of California Civil Code § 1542.

4. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

5. All parties will bear their own costs and attorney's fees.

6. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant assets.

IT IS SO ORDERED.

Dated: June 29, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE